IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tymon Wells, | ) | Case No. 5:23-cv-00513-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's complaint alleging claims pursuant to the Federal Tort Claims Act ("FTCA") related to the loss of his personal property. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On April 24, 2023, the Magistrate Judge issued a Report recommending that this action be dismissed without issuance of service of process. ECF No. 27. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. After numerous extensions of time, Plaintiff filed objections on October 20, 2023. ECF No. 57.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends summary dismissal because Defendant is entitled to sovereign immunity.  Upon review, the Court is of the opinion that Plaintiff is asserting additional grounds for relief rather than specifically objecting to the Magistrate Judge's analysis.  Nevertheless, out of an abundance of caution for a pro se party, the Court has reviewed the Report, the record, and the applicable law de novo.  Upon such review, the Court agrees with the recommendation of the Magistrate Judge.  See Mathis v. U.S., C/A No. 8:05-cv-3000-MBS, 2008 WL 2922798 (D.S.C. July 24, 2008) (summarily dismissing a plaintiff's FTCA claim that prison officials were negligent in transferring his personal property pursuant to § 2680(c)); Perkins v. Deboo, C/A No. 1:08-cv-00225, 2009 WL 1650443 (N.D. W. Va. June 11, 2009) (dismissing a plaintiff's FTCA claim for reimbursement for lost personal property based upon the holding in Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008), and 28 U.S.C. § 2680(c)); Gasho v. U.S., 39 F.3d 1420,

1433–34 (9th Cir. 1994) (applying the exception to the waiver of immunity provided in § 2680(c) to the alleged intentional detention or mishandling of property).

In his objections, Plaintiff contends that this action is brought pursuant to the FTCA and as a *Bivens*[1] action.  He asserts that the Bureau of Prisons ("BOP") has internal policies pertaining to the handling of personal property; when these policies were violated with respect to his property, it became a Fourth Amendment violation.  He further contends that the BOP failed to protect him from the injury of losing his property.  The Court begins with a brief discussion of *Bivens* actions.

In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for violations of constitutional rights.  *Bivens*, 403 U.S. at 388.  To state a *Bivens* claim, a plaintiff must plausibly allege that: (1) the defendant deprived the plaintiff of a right secured by the Constitution and laws of the United States and (2) the defendant did so under color of federal law.  *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citation and internal quotation marks omitted) (setting forth requirements for a § 1983 claim under color of state law); *see also Bivens*, 403 U.S. at 389 ("In [a previous case], we reserved the question whether violation of [the Constitution] by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does.").

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999).

3

In *Bivens*, the Supreme Court recognized an implied private action for damages against federal agents alleged to have violated a plaintiff's Fourth Amendment rights from unreasonable search and seizure when the agents handcuffed the plaintiff in his own home without a warrant. *Bivens*, 403 U.S. at 389. Since then, the Supreme Court has only extended *Bivens* claims in two additional contexts: (1) under the Fifth Amendment's Due Process Clause for gender discrimination when a Congressman fired his female administrative assistant (*Davis v. Passman*, 442 U.S. 228 (1979)); and (2) under the Eighth Amendment's Cruel and Unusual Punishment Clause against prison officials for failing to treat an inmate's asthma (*Carlson v. Green*, 446 U.S. 14 (1980)).

*Bivens* is a judicially created remedy, and further extension is disfavored. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017). Accordingly, a court must first examine whether a case presents a new *Bivens* context and, if so, conduct a "special factors analysis to decide whether the extend *Bivens*. The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided" by the Supreme Court. *Abbasi*, 137 S.Ct. at 1859. The *Bivens* remedy should not be expanded "if there are special factors counseling hesitation in the absence of affirmative action by Congress." *Id*. at 1857 (quoting *Carlson*, 446 U.S. at 18) (internal quotation marks omitted). A court's special factors inquiry "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id*. at 1857–58.

Plaintiff states that he is bringing a claim pursuant to the Fourth Amendment and a claim for failure to protect. The Court will address each in turn.

4

Plaintiff asserts that his Fourth Amendment rights were violated when he was deprived of his personal property. While *Bivens* involved Fourth Amendment violations, it concerned the arrest and search of a private apartment by Federal Bureau of Narcotics agents. *Bivens*, 403 U.S. at 389. In that case, the plaintiff alleged that the agents acted without a warrant or probable cause and that he was taken to a federal courthouse where he was interrogated, booked, and subjected to a visual strip search. *Id*. The instant case is meaningfully different from the claim presented in *Bivens*; thus, it presents a new *Bivens* context. *Abbasi*, 137 S.Ct. at 1860.

Accordingly, the Court must examine if "there are special factors counseling hesitation in the absence of affirmative action by Congress" including whether Plaintiff has access to alternative remedies. *Id*. at 1857 (internal quotation marks and citation omitted). As noted by the Supreme Court:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id*. at 1865 (internal citations omitted). Following the guidance in *Abbasi*, the undersigned finds Congress is better suited to determine whether to provide a damages remedy for Plaintiff's claims. The Supreme Court has noted that "courts are ill equipped to deal with

the increasingly urgent problems of prison administration and reform," and that "running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S. 78, 84 (1987) (citation omitted). The Supreme Court further noted that "separation of powers concerns counsel a policy of judicial restraint." *Id*. at 85.

Further, Plaintiff has access to alternative remedies including the BOP administrative grievance process as well as the FTCA, of which he has availed himself. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (noting that "[s]o long as the plaintiff had an avenue for some redress," a court may decline to provide a new *Bivens* remedy); *but see Bush v. Lucas*, 462 U.S. 367, 378 (1983) (finding that the FTCA and *Bivens* parallel and complementary (not a substitute one for the other)). Accordingly, special factors counsel against extending *Bivens* in this context; thus, Plaintiff's unreasonable search and seizure claim is subject to summary dismissal.[2]

Plaintiff also asserts a claim that he was not protected from the injury of the depravation of his property. The Supreme Court may have recognized an Eighth Amendment *Bivens* claim for failure to protect in *Farmer v. Brennan*, 511 U.S. 825 (1994). The *Abbasi* court did not include *Farmer* in its list of recognized *Bivens* contexts; however,

---

[2] Plaintiff's allegation that the BOP violated its own policies fails to state a constitutional claim. *See Jenkins v. Food Serv. Adm'r*, C/A No. 1:21-557-cv-HMH-SVH, 2021 WL 3859949, at *8 (D.S.C. Aug. 27, 2021), *report adopted,* 2021 WL 4306241 (D.S.C. Sept. 22, 2021) ("A claim that the BOP or one of its employees violated policy fails to rise to the level of a constitutional violation and is not cognizable under *Bivens*.").

some circuits have held that a prisoner's failure to protect claim did not present a new *Bivens* context in light of *Farmer*. *See Attkisson v. Holder*, 925 F.3d 606, 621 n.6 (4th Cir. 2019). Even so, Plaintiff's claim is still subject to summary dismissal as presented.

To plausibly state a failure to protect claim, a plaintiff must make sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. *Farmer*, 511 U.S. at 847. *Farmer* involved allegations that the defendants knew of a subjective risk of physical harm to the plaintiff and disregarded it and, as a result, the plaintiff was raped and beaten. Such is not the case here where Plaintiff alleges that he was injured by the depravation of his property. Accordingly, summary dismissal is appropriate with respect to Plaintiff's failure to protect claim, as presented.[3]

Therefore, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge that this action is subject to summary dismissal.[4] Accordingly, this action is **DISMISSED** without prejudice and without issuance of service of process.

---

[3] Plaintiff also purports to bring a failure to protect claim pursuant to the FTCA, presumably, in an effort to get around the issue of sovereign immunity as discussed by the Magistrate Judge. However, the Magistrate Judge liberally construed his claims and discussed them accordingly. Plaintiff cannot get around the well-reasoned discussion of the Magistrate Judge with respect to his FTCA claims by renaming them.

[4] The Magistrate Judge also recommends that this action is subject to summary dismissal because Plaintiff failed to exhaust his administrative remedies pursuant to the FTCA. In his objections, Plaintiff contends that he did, at least, attempt to exhaust his administrative remedies. Because the Court finds that this action is subject to summary dismissal as outlined above, the Court declines to address this argument.

IT IS SO ORDERED.

                                                        s/ Donald C. Coggins, Jr.
                                                        United States District Judge

December 5, 2023
Spartanburg, South Carolina